UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MASON WEBSTER,<br><br>Plaintiff,<br><br>v.<br><br>SAIA LTL FREIGHT,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:23-cv-00647<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Mason Webster, proceeding without an attorney, filed this action in justice court in Midvale, Utah, bringing claims against Saia LTL Freight related to a freight shipment from North Carolina to Oklahoma.[1] On September 19, 2023, Saia removed the action to this court.[2] Saia then filed a motion to dismiss[3] and Mr. Webster filed a motion to remand.[4] As discussed below, the undersigned[5] recommends this action be dismissed without prejudice[6] because the parties do not dispute that Mr. Webster lacks standing to bring claims against Saia.[7]

---

[1] (*See* Small Claims Aff. Summons ("Compl."), Doc. No. 2-2.)

[2] (Notice Removal, Doc. No. 2.)

[3] (Def.'s Mot. to Dismiss, Doc. No. 6.)

[4] (Pl.'s Mot. to Remand, Doc. No. 8.)

[5] On October 13, 2023, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 13.)

[6] This recommendation is based on the written memoranda, as no hearing is necessary.  *See* DUCivR 7-1(g).

[7] Saia asserts Mr. Webster has misnamed it, as an entity, in his pleadings. (*See* Def.'s Mot. to Dismiss 1, Doc. No. 6.)  Saia contends it should be referred to as Saia Motor Freight Line, LLC. This issue need not be resolved, given the standing matters discussed below.

**LEGAL STANDARDS**

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff, and drawing all reasonable inferences in the plaintiff's favor.[9] But the court need not accept any conclusory allegations as true.[10] Moreover, if the plaintiff's allegations are "blatantly contradicted by the record," the court will no longer accept them as true.[11]

Because Mr. Webster proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants."[13] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a

---

[8] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The standing issues referenced in the introduction are prudential. Questions of prudential standing should be analyzed under Rule 12(b)(6) rather than 12(b)(1) because prudential standing "does not implicate subject-matter jurisdiction." *See N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229–30 (10th Cir. 2021); *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 (10th Cir. 2017).

[9] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (internal citation omitted).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Est. of Harmon v. Salt Lake City*, No. 20-4085, 2021 U.S. App. LEXIS 39942, at *6 (10th Cir. Nov. 10, 2021) (unpublished) (internal quotation marks omitted) (quoting *Scott v. Harris*, 550 U.S. 372, 360 (2007)).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal citation and quotation marks omitted).

recognized legal claim could be based."[14] While the court makes some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## ANALYSIS

This action must be dismissed because Mr. Webster lacks standing[17] to bring the claims he attempts to assert against Saia. Mr. Webster lacks standing because he does not allege or otherwise suggest he entered a contract or other arrangement with Saia. Instead, Mr. Webster indicates his company, Solutions, Inc. (which Mr. Webster asserts he owns jointly with his wife) contracted with Saia to have Saia deliver freight from North Carolina to Oklahoma.[18]

As relevant to this case, the prudential-standing doctrine requires Mr. Webster to assert only his own legal rights and interests, and prohibits him from "rest[ing] his claim to relief on the

---

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal citation and quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal citation and quotation marks omitted).

[17] Standing can be used to describe either Article III standing (which implicates the court's power to hear a case), or prudential standing (which implicates judicial limits imposed by the Supreme Court, on the court's exercise of its power). *See Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011). Under Tenth Circuit precedent, the court need not reach the question of constitutional standing if it finds Mr. Webster lacks prudential standing. *See VR Acquisitions, LLC.*, 853 F.3d at 1146 n.3; *Grubbs v. Bailes,* 445 F.3d 1275, 1281 (10th Cir. 2006).

[18] (*See* Compl., Doc. No. 2-2 at 4; Mot. to Respond to Def.'s Mot. to Dismiss ("Pl.'s Resp."), Doc. No. 10 at 2.)

legal rights or interests of third parties."[19] When a litigant lacks prudential standing, the court must dismiss the action.[20] Courts routinely dismiss actions brought by shareholders that attempt to assert rights of the companies they own, unless the shareholders can show some personal interest in the dispute.[21] "And signing a contract or performing actions on behalf of a corporation generally isn't enough to qualify as a direct and personal interest."[22]

Here, the bill of lading[23] indicates Mr. Webster's company, Solutions, contracted with Saia; Mr. Webster did not.[24] Consequently, Solutions is the only entity with standing to bring a

---

[19] *Wilderness Soc'y*, 632 F.3d at 1168 (quoting *Warth v. Seldin,* 422 U.S. 490 (1975)).

[20] *See id.* at 1170–74 (vacating district court's summary judgment and remanding for dismissal because plaintiff lacked prudential standing). Because the Tenth Circuit mandates courts refrain from exercising judicial power in the absence of prudential standing, the district court should not reach any other matters raised by the parties.

[21] *E.g.*, *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013) (dismissing suit brought by shareholders for alleged harm to corporation). In doing so, however, courts sometimes blur the line between prudential standing and the related shareholder standing rule: "a long-standing equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment." *Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990).

[22] *Niemi*, 728 F.3d at 1261.

[23] Consideration of materials outside the complaint, like the bill of lading here, ordinarily requires conversion of a motion to dismiss to a motion for summary judgment; however, the court need not convert here because "the document is referred to in the complaint and is central to the plaintiff's claim," *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997), as it provides the terms of the shipment described in Mr. Webster's complaint.

[24] (Bill of Lading, Doc. No. 6-1.) The complaint refers to the bill of lading by "PRO" and claim number. (*See* Compl., Doc. No. 2-2 at 4.) While the complaint sets forth a PRO number with what appears to be a transcription error, the delivery receipt Mr. Webster attached to his reply confirms the bill of lading at issue bears PRO number 770411186906. (*Compare* Compl., Doc. No. 2-2 at 4, *with* Bill of Lading, Doc. No. 6-1, *and* Delivery Receipt, Doc. No. 10 at 17.)

claim in federal court against Saia arising out of this particular shipment. Where Solutions is absent from this matter, the case must be dismissed.

Additionally, Solutions, purportedly a corporation, may not appear in this court without appropriate counsel to represent it.[25] Given that Solutions has not appeared or otherwise expressed its intent to do so through counsel, the district court should decline the parties' suggestion to join the company.[26] Joining Solutions would force the entity to participate as a plaintiff in this federal action involuntarily. Solutions' attorney might instead advise it to adopt a strategy that avoids the burdens and costs attendant to litigating in federal court. Solutions should be afforded the opportunity to choose.

Because Mr. Webster lacks standing, this action must be dismissed.

## RECOMMENDATION

Mr. Webster lacks prudential standing to assert any of the claims in the complaint because he did not enter a contractual relationship with Saia and he does not otherwise describe any duty Saia owed to him. Accordingly, the undersigned RECOMMENDS that the district judge dismiss the action without prejudice.

The parties are notified of their opportunity to object to this report and recommendation. Within fourteen days of being served with a copy of this report and recommendation, any party

---

[25] *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); DUCivR 83-1.3(c)(2) ("A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1.").

[26] (*See* Def.'s Mot. to Dismiss 6, Doc. No. 6.; Pl.'s Resp. 2, Doc. No. 10.)

may file and serve written objections.[27]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of March, 2024,

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(2).